UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DAVID SEMONES,<br><br>Petitioner,<br><br>v.<br><br>PAUL THOMPSON,<br><br>Respondent. | No.  2:21-cv-01943 KJM DB P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Petitioner is a former state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Presently before the court is respondent's motion to dismiss the petition as untimely and for failure to comply with exhaustion requirements.  (ECF No. 7.) For the reasons stated below, the undersigned will recommend that this action be dismissed.  The court will also deny respondent's motion to dismiss (ECF No. 7) as moot.

**I.      Procedural History**

This action was initiated on September 25, 2021 when petitioner filed a petition for writ of habeas seeking time credits under the First Step Act of 2018.  (ECF No. 1.)  Following screening, service was completed on May 25, 2022.  (ECF Nos. 5, 6.)  On July 25, 2022, respondent filed the present motion to dismiss.  (ECF No. 7.)  Petitioner did not file an opposition to that motion or any other response.  On November 29, 2022, the court ordered petitioner to file an opposition or show cause why petitioner's failure to oppose the motion should not be deemed a waiver of

opposition to the motion.  (ECF No. 8.)  Petitioner did not file an opposition, request an extension of time, or respond to the motion or court's order in any way.

As the undersigned will recommend below that this action be dismissed, respondent's motion to dismiss will be denied as moot.  In the event the findings and recommendations are not adopted, respondent may file a renewed motion to dismiss.

## II.    Petitioner's Failure to Oppose Respondent's Motion to Dismiss

By order dated November 29, 2022, petitioner was ordered[1] to file an opposition to respondent's motion to dismiss within twenty days.  (ECF No. 8.)  Those twenty days have passed, and petitioner has not filed an opposition, statement of non-opposition, requested additional time to file an opposition or statement of non-opposition, or otherwise responded to the court's order.  In light of petitioner's failure to respond, the undersigned will recommend that this action be dismissed.

### A.  Legal Standards

"District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case."  Bautista v. L.A. Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)).  Involuntary dismissal is one of the harshest sanctions at a trial court's disposal since it denies the plaintiff his day in court, and as a result, it is reserved for use only in the most extreme circumstances.  Fed. R. Civ. P. 41(b); Thompson v. Housing Auth. of L.A., 782 F.2d 829, 831 (9th Cir. 1986).  In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  Ferdik, 963 F.2d at 1260-61.

---

[1] The November 29, 2022, order was sent to petitioner's address of record and was not returned as undeliverable.  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.  A review of public Bureau of Prisons' records shows that at some point petitioner may have moved.  Local Rule 182(f) places parties under a continuing duty to notify the court of any change of address.  However, the Clerk of the Court will be directed to also serve this order on plaintiff's possible new address of 2425 South 200 St., Seattle, WA 98198.

### B. Analysis

#### 1. Public's Interest in Expeditious Resolution of Litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

This action was initiated on September 25, 2021, and has been pending since that time.[2] (ECF No. 1 at 6.)  Respondent's motion to dismiss was filed on July 25, 2022.  (ECF No. 7.) Petitioner has not filed anything with the court since November 8, 2021, nor has he responded to the motion to dismiss or the court's orders.  Petitioner's inaction and unresponsiveness prevents litigation from proceeding forward.  As such, this factor favors dismissal.

#### 2. Court's Need to Manage Its Docket

"District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1961)).

As stated above, petitioner has not participated in this action or responded to court orders since November 2021.  It appears that at the present time, petitioner has lost interest in pursuing this petition.  For the court to spend further time on this action when petitioner is not responding to court orders would consume scarce judicial resources on an action petitioner is no longer pursuing.  Accordingly, this factor weighs in favor of dismissal.

#### 3. Risk of Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone v. U.S. Postal Service, 833 F.2d 128, 131 (9th Cir. 1987)).  The "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).

---

[2] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

1    While prejudice to a defendant by the pendency of an action is insufficient, the Ninth

2  Circuit has held that unreasonable delay may be presumed prejudicial to the defendant.  See In re

3  Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994); Moore v. Teflon Commc'ns. Corp., 589 F.2d 959,

4  967-68 (9th Cir. 1978).  Here, there has been unreasonable delay as petitioner has failed to

5  provide any response to the motion to dismiss or the court's orders despite the fact that the motion

6  has been pending for over six months.  Petitioner may rebut the presumption of prejudice by

7  providing a non-frivolous excuse for the delay.  Laurino v. Syringa Gen. Hosp., 279 F.3d 750,

8  753 (9th Cir. 2002); Pagtalunan, 291 F.3d at 642 (citing Yourish v. California Amplifier, 191

9  F.3d 983, 991 (9th Cir. 1999)).  However, petitioner has not provided any excuse, whether

10  frivolous or non-frivolous, for his failure to respond to the motion or court orders.  Accordingly,

11  the third factor weighs in favor of dismissal.

12            **4.  Availability of Less Drastic Alternatives**

13    Warning a plaintiff that failure to obey a court order will result in dismissal can suffice to

14  meet the "consideration of alternatives" requirement.  Malone, 833 F.2d at 132 (citing Buss v.

15  Western Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984)).

16    Petitioner was previously advised that failure to respond to the court's order would result

17  in a recommendation that this action be dismissed.  (ECF No. 8 at 1.)  In light of the court's

18  warning, this factor weighs in favor of dismissal.

19        **5.  Public Policy Favoring Disposition of Cases on Their Merits**

20    Public policy favors disposition of cases on the merits.  Thus, this factor weighs against

21  dismissal.  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).  The undersigned

22  finds that four of the five Ferdik factors support dismissal, and thus, outweigh the general public

23  policy favoring disposition on the merits.  See Ferdik, 963 F.2d at 1263.  Additionally, under

24  Local Rule 230(l), petitioner's failure to oppose the motion may be deemed a waiver of any

25  opposition to granting the motion.  Accordingly, the undersigned will recommend that this action

26  be dismissed.

27  ////

28  ////

4

**III.     Conclusion**

  For the reasons set forth above, IT IS HEREBY ORDERED that respondent's motion to dismiss (ECF No. 7) is denied as moot.

  Further, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 25, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Habeas/R/semo1943.dism.fr

5